## Helen M. Mix *et al.*

*v.*

## The People of the State of Illinois.

*Filed at Ottawa November 11, 1887.*

1. FORMER ADJUDICATION—*in the Supreme Court—what may be considered on a second appeal.* Where a question either of law or fact has been decided by this court in a case properly before it, the same question can not be again raised in that case except upon petition for rehearing; and when a decree has been reversed, and remanded to the trial court with directions as to the decree to be entered, on a subsequent appeal errors can not be assigned for any cause that existed prior to the former decision in this court.

2. PRACTICE—*after reversal and remandment—what proceedings allowable in the trial court.* This court reversed a decree on bill to foreclose a lien on lands for taxes, and remanded the cause with directions to the circuit court to ascertain the amount of taxes due on each tract of the land, and enter a decree in conformity to the opinion pronounced: *Held,* that the circuit court, on the return of the case, had no authority to enter upon a general investigation of all matters and things which the defendants might desire to present, and that the court had but one duty to perform, which was to ascertain the amount due on each tract, and enter a decree in conformity to such finding. The validity of the assessments upon which the taxes were levied, and the legality of some of the taxes which were before the court on the former hearing, could not be again questioned.

3. ALLEGATIONS AND PROOFS—*on bill to foreclose lien for taxes.* A bill to foreclose a lien on land for taxes, alleged that the lands were forfeited to the State for the taxes for the years 1878 and 1879, giving a statement for each year, and then averred that "the full amount now due upon said lands and lots, as shown upon the collector's books of the year 1880, for taxes, penalties, interest and costs, including said forfeitures for the years 1878 and 1879, and accrued taxes for 1880, is the sum of $3687.40," and that the amount which was a lien upon each tract and lot separately, is shown by said books, and said copy attached, opposite to each tract and lot, separately and respectively: *Held,* that such averment was sufficient to admit proof of the amount of taxes due and unpaid for the years 1875, 1876 and 1877, the collector's books (a copy of which was made an exhibit) being *prima facie* evidence of the amount of the taxes, and they being properly included in the taxes of 1880.

4. EVIDENCE—*computation by county clerk of taxes due as shown by collector's books.* On bill to foreclose a lien on lands for taxes of several years, the county clerk testified that he had, at the request of the State's

41—122 ILL.

attorney, examined the collector's books, and made a computation of the taxes due and unpaid, as shown by such books, and had prepared a paper showing the balance unpaid, which he, on request, attached to his deposition as a part thereof: *Held,* that there was no valid objection to the evidence, it being a tabulated statement from the books. If there was any error or mistake in the statement of the clerk, it might be shown on cross-examination.

5. ERROR WILL NOT ALWAYS REVERSE—*refusal of change of venue— ground of application obviated.* The error, if any, in overruling a motion for a change of venue on account of the prejudice of the judge of the court, is rendered harmless by the case being tried by another judge of the same court. An error working no harm is no ground of reversal.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. WILLIAM POTTER, and Mr. STEPHEN R. MOORE, for the plaintiffs in error:

A part of the taxes for each year was for the payment of bonds of the towns illegally issued to one Young, and there is no rightful authority to collect such taxes. *Town of Middleport* v. *Life Ins. Co.* 82 Ill. 562; *People* v. *Jackson County,* 92 id. 441; *English* v. *People,* 96 id. 566.

When a portion of the tax is illegal for which judgment is entered, the judgment is void. Blackwell on Tax Titles, 192; *McLaughlin* v. *Thompson,* 55 Ill. 249.

The answer shows that this property was taxed willfully, fraudulently and corruptly, greatly in excess of other like property. The principles of equality and uniformity are indispensable to all legal taxation. Const. art. 9, sec. 1; *City of Chicago* v. *Larned,* 34 Ill. 203; *People* v. *Bradley,* 39 id. 130; *Ottawa* v. *Spencer,* 40 id. 211; *Holbrook* v. *Dickinson,* 46 id. 285; *Darling* v. *Gunn,* 50 id. 428; *Bureau County* v. *Railroad Co.* 44 id. 229; *Boone County* v. *Railroad Co.* id. 242; *Merrill* v. *Humphrey,* 24 Mich. 170; *Gage* v. *Evans,* 90 Ill. 569; Cooley on Taxation, 157, and cases cited in note.

The court improperly entered a decree for taxes not named in the bill, and also erred in refusing to allow the defendant

to prove that the lands and lots were not his, and were wrongfully assessed in his name.

The defendant also offered to show that the village tax, and the tax levied by the commissioners of highways, were illegal, and that the State's attorney had no authority to file this bill, which the court refused.

The court erred in admitting in evidence the written statement of Kenaga, prepared at the instance of Mr. Starr, in the absence of the plaintiffs in error, and without their knowledge. *Railroad Co.* v. *O'Brien,* 119 U. S. 99.

The decree is too large, and can not be sustained, and there was error in refusing the change of venue. *Walsh* v. *Ray,* 38 Ill. 30.

Mr. C. R. Starr, for the defendants in error:

This court, in its judgment when the case was before it, decided most of the questions now sought to be re-investigated, and held, on the cross-errors, that the People were entitled to a decree for all the taxes due after giving plaintiffs in error credit for all they had paid.

The defendants did not press their petition for change of venue, at the December term. At the April term, Judge Sample, by request, and by unanimous consent, comes on to pass upon the master's report, as that is all that remains to be done in the case.

The whole case had been tried before the Hon. O. T. Reeves, as the former record will show, and as shown by the reported case, and, under the decisions of this court, he would have been justified in refusing a change of venue, the application coming too late. *Crane* v. *Crane,* 81 Ill. 170; *Richards* v. *Greene,* 78 id. 526.

This court has decided that the allegations in the bill were sufficient to authorize the foreclosure, not only for the taxes and forfeitures incurred for the year 1879 and previous years, but also for the taxes shown by collector's books to be due for

the year 1880. The law makes the collector's books *prima facie* evidence of the taxes due against the lands.

The point is made that the master got the clerk to help make up the computation, and presented a paper in which he had put all these taxes, interest, forfeitures and costs. We suppose it would be impossible, almost, for one not familiar with the books, to go over the matter and make a correct computation. It is a common practice for witnesses to make a computation for the jury, and for witnesses, the clerk or master to compute for the court. It is done under oath, and the tribunal that is to pass upon the question, adopts it, and finds accordingly.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, to foreclose a lien on certain lands in Kankakee county for taxes, under section 255 of the Revenue law. (2 Starr & Curtis, p. 2110.) A decree having been rendered, the defendants in the bill sued out a writ of error, which was heard at our September term, 1885. On that hearing, various questions were presented and considered, and the decree of the circuit court was reversed, with directions to ascertain and fix the amount due against each tract of land to be embraced in the decree of foreclosure, and to render such decree in conformity to the opinion. (See *Mix* v. *The People,* 116 Ill. 265.) It will be seen, by an examination of the opinion in the case cited, that the rights of the parties on the former hearing were settled, and there was but little left for the circuit court to do when the cause should be re-docketed in that court. A remanding order having been filed in the circuit court, the cause was placed on the docket, and a reference had to the master in chancery to ascertain and report to the court the amount remaining unpaid on each tract of land, after allowing, as a credit, whatever amount had been paid on each tract. The evidence was produced before the master, and he made a

report to the court, showing the amount due on each tract of land, after deducting such sum or sums as had been paid. The report was approved, and a decree entered in conformity to the prayer of the bill. To reverse that decree this writ of error has been sued out.

In the argument, plaintiffs in error attempt to raise and re-argue questions which were presented and disposed of when the case was before us on the former writ of error. This can not be done. We had occasion to consider this question in *Manufacturing Co.* v. *Wire Fence Co.* 119 Ill. 31, and it was there held: "Where a question, either of law or fact, has been decided in a case properly brought before it, the same question can not be again raised in that case, except upon petition for rehearing." In the case cited, it was also held, that where a case has been heard in the trial court, reviewed in this court, and remanded to the trial court with directions as to the decree it shall enter, on a subsequent appeal to this court errors can not be assigned for any cause that existed prior to the former decision in this court. The questions, therefore, attempted to be raised in regard to the validity of the assessments of the property, and the legality of portions of the taxes, were before the court on the former hearing, and the decision then rendered is conclusive of them and all other questions which were properly before the court on the former writ of error.

It will be observed that when the cause was here before, it was remanded, with directions to the circuit court to ascertain the amount due on each tract of land, and render a decree in conformity to the opinion. Under this order the circuit court had no power or authority to enter upon a general investigation of all matters and things which the defendants might desire to present for consideration, but, on the other hand, as the opinion so provided, complainants had the right to dismiss the bill as to any particular tract of land they might consider advisable, and after this was done, the court had but one further duty to perform, and that was to ascertain the amount

due on each tract of land, and enter a decree according to that finding. It is therefore plain that the only question that arises on this record is, whether, in ascertaining the amount due and entering the decree, the court has committed error. If it has, these errors may be corrected; but if no error has been committed in this regard, the decree will have to be affirmed. We will therefore proceed to consider the errors complained of which occurred in determining the amount due on each tract of land; and, first, it is said that the court gave a decree for taxes of 1875, 1876 and 1877, not embraced in the bill.

The averment of the bill is, "that the said lands and lots were forfeited to the State of Illinois for the taxes of the year A. D. 1878 and for the year 1879," and then follows a statement for each year separately, and then proceeds: "And the full amount now due upon said lands and lots, as shown upon the collector's books of the year 1880, for taxes, penalties, interest and costs, including said forfeitures for the years 1878 and 1879, and accrued taxes for 1880, is the sum of $3687.40." And the amount which was a lien upon each tract and lot, separately, is shown by said books, and said copy attached, opposite to each tract and lot, separately and respectively.

It is no doubt true, as suggested in the argument, that complainants, on a recovery, are confined to the case made by the bill. But we think the allegations of the bill are sufficient to admit proof of the amount of taxes due and unpaid for the years 1875, 1876 and 1877. The statute under which the bill was filed, provides that the amount due on the collector's books, against the property, shall be *prima facie* evidence of the amount of taxes against the real property. As said before, the bill alleges that the sum due is $3687.40, and the amount which was a lien upon each tract and lot, separately, is shown by said books. A copy of the tax books is attached to the bill as an exhibit, and made a part thereof. Under these allegations, the complainants were not confined to taxes of 1878, 1879 and 1880, but they might with propriety show the amount due and

unpaid for prior years, as shown by the tax books. But aside from this view, if the taxes of 1875, 1876 and 1877 were not paid, under the provisions of section 229 of the Revenue law such taxes would be carried forward each year, and thus would become a part of the tax of 1878 and 1879, which, it is conceded, may be recovered under the bill.

It is also insisted that the court erred in excluding evidence offered by the defendants on the hearing, and in sustaining the master's report excluding evidence offered by the defendants. Without going over this evidence in detail, it is sufficient to say, that no part of the offered evidence had any bearing on the issue involved in the case, which the circuit court was directed to determine under the remanding order of this court, and upon this ground the offered evidence was properly rejected.

William F. Kenaga, who has been acting county clerk of the county since 1877, was called as a witness for the complainants, and was asked if he had made a computation of the taxes due and unpaid, as shown by the collector's books of the towns of Momence and Ganeer, for 1880. In answer, the witness stated that he had a paper which showed the balance unpaid. The witness was then requested to present the paper he had prepared, to the master, and make it a part of his deposition, which he did. The testimony thus offered, it is insisted with much confidence, was inadmissible. We see no objection to the evidence. It was a tabulated statement from the books, prepared by the clerk, and if he had made any mistake, or committed any error, a proper cross-examination, which the defendants had the right to make, would have corrected any and all errors the clerk may have made. The fact that the statement was prepared under the direction of the solicitor of complainant, was a matter of no moment. If it was accurate and correct, it was proper for the consideration of the court, in connection with the testimony of the clerk, notwithstanding complainant's solicitor may have requested the clerk to prepare the statement.

It is next claimed that the decree exceeds the real amount due, $346.44, and hence is erroneous. The defendants make out this excess by claiming payments on the taxes, amounting to $2042.42. If this amount had been actually paid on the taxes against the lands embraced in the decree, the position of the defendants might be well taken; but such was not the case. The $2042.42 represents the entire amount paid by defendants on the taxes against the lands named in the bill as it was first prepared. Before the decree, however, the bill was dismissed as to a portion of the lands, and in arriving at the amount of credits, the defendants could properly claim whatever sum had been paid on any tract or tracts dismissed out of the bill, and to be deducted from the total amount paid,—to-wit, $2042.42. If this course is pursued in the computation, we think the amount of the decree will be found correct, or at least not excessive.

After the cause had been remanded, and on the 21st day of April, 1886, it was referred to the master. While the cause was pending before the master, on December 7, 1886, one of the defendants filed a petition for a change of venue, on the ground that the presiding judge, O. T. Reeves, was prejudiced against the petitioner. On the 30th day of December, 1886, the master's report was filed, but no steps seem to have been taken in regard to the motion to change the venue, until the April term of court, 1887, when the motion was overruled, but the cause was referred to one of the other judges of the circuit for trial, who being present, proceeded with the trial of the cause. The decision of the court overruling the motion for a change of venue, is relied upon as error. The only object of the petition was to take the cause from Judge Reeves. That was accomplished as effectually as if an order had been made changing the venue of the cause. The defendants obtained all they desired,—the trial of the cause before an unprejudiced judge. That they obtained, and they have no ground whatever for complaint. Whether the decision on the motion

was right or wrong, is a matter of no moment. The defendants were in no manner injured, and it is a familiar rule that an error that does no harm is not a ground for reversing a decree.

Perceiving no error in the record, the decree will be affirmed.

*Decree affirmed.*