GILBERT D. HENNING

*v.*

GILBERT ELDRIDGE.

*Filed at Ottawa March 31, 1893.*

1. APPEALS AND WRITS OF ERROR—*judgment of Appellate Court—whether a final judgment.* Where the judgment of an inferior court is reversed on error, and remanded generally, without directions, the judgment of the court reversing is not a final judgment from which an appeal or writ of error lies to this court. But if the judgment of the Appellate Court is such that no further proceedings can be had in the trial court except to carry into effect the mandate of the Appellate Court, an appeal to this court is allowed by paragraph 91, section 90, of the Practice act.

2. SAME—*Appellate Court reviewing its own decisions—res judicata.* If a party is dissatisfied with the determination of the Appellate Court,

20—146 ILL.

his only means of redress in that court is by petition for rehearing, and in the absence of the allowance of such a petition all final orders and judgments of the court are, as between the parties to the suit, *res judicata*, and binding on them whenever they again arise in that court between the same parties, upon the same record. The Appellate Court can not review its own decisions, except on rehearing.

3. SAME—*second appeal—what matters involved.* A second appeal in a cause, where the judgment of reversal and remandment on the first appeal covers the entire merits of the controversy, will bring before the court of review only the proceedings had in the cause subsequent to the remandment.

4. SAME—*reversal as to one item—affirmance as to remainder.* Where the Appellate Court reverses a judgment of the trial court for error in the allowance of a single item of a guardian's account, and remands the cause, with direction to strike out such item, the judgment of the Appellate Court will in nowise affect the judgment of the trial court in respect of the other items of the account, and the judgment of the Appellate Court will be tantamount to an affirmance of the residue of the account.

5. SAME—*allowance of different items—independent orders of court.* Where the items of an administrator's or guardian's account are based upon different transactions, the allowance or disallowance of the disconnected items is held to be an independent order of the court.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the City Court of the City of Aurora; the Hon. A. H. BARRY, Judge, presiding.

This was a citation, originally, in the county court of Kendall county, against Gilbert D. Henning, guardian of Gilbert Eldridge, to require an accounting and settlement as such guardian. The county court having entered its order, the case was taken, by appeal, to the circuit court. That court found the amount due to the ward, in the hands of the guardian, at $1396.80, and entered its order accordingly. The guardian appealed to the Appellate Court, where the order was reversed and the cause remanded, generally. At the June term, 1887, of said circuit court, the cause was referred to a special master, to take the proofs and state an account between the parties, etc. The special master reported, stating

the amount due from the guardian to his ward to be $2627.11. By stipulation the venue of the cause was changed to the City court of the city of Aurora. Both parties filed exceptions to the master's report, which were disallowed, and, on hearing, an order or decree was entered requiring the guardian, within a time fixed, to pay to said ward $2627.11, and costs of suit. On appeal by the guardian to the Appellate Court, this order of the City court was reversed, and the cause was remanded, with specific directions to the City court to strike out an item of $311.50, and all accrued interest thereon, included by the master in his report and charged to the guardian.

The order of the Appellate Court, filed December 8, 1891, is as follows: "The order of the court below is therefore reversed, and the cause remanded to that court, with instructions to the court to strike out the account of $311.50 charged against appellant, and all accrued interest charged thereon, by the master, and disallow to appellant the above item of $252.06, the one being intended to offset the other." The court then said: "We find no other error in the record." The judgment followed the order.

On filing the remanding order, the City court struck out the items named, and entered the judgment following: "This cause coming on to be heard in open court, and the said ward being represented by," (attorneys,) "and the said Gilbert D. Henning being personally in court and represented by his attorney, *  *  * and the court being fully advised in the premises, *  *  * doth, in pursuance of the order and mandate of the Appellate Court which reversed and remanded this cause for further consideration, and in obedience to the instructions of said court, strike out the account of $311.50 charged in the report of the special master against the said Gilbert D. Henning, appellant, and all the accrued interest charged thereon by the special master, and doth, in further pursuance of the order and instructions of said court, disallow to said guardian the item of $252.06 referred to in said special

master's report, and after striking out said sum of $311.50, and all accrued interest charged thereon by the said special master, the court doth hereby find, in accordance with the decision and order of the Appellate Court, that there is now due to the said Gilbert Eldridge, from the said Gilbert D. Henning, as guardian, on a true and faithful accounting, the sum of $1719.50." Then follows the usual order of payment of said last named sum. From this order the guardian again appealed to the Appellate Court, where the judgment of the City court was affirmed, and the guardian again appeals.

Mr. A. C. LITTLE, for the appellant.

Mr. A. J. HOPKINS, Mr. N. J. ALDRICH, and Mr. F. H. THATCHER, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellant insists that it was error in the City court to render a decree, under the remanding order of the Appellate Court, without rehearing the cause *de novo.* On the other hand, it is contended that the judgment of the Appellate Court was *res judicata* upon all the questions involved in the litigation, and that, by its order, nothing was left to be done by the City court except to carry into effect its instructions.

When the judgment of an inferior court is reversed, and the cause remanded for other and further proceedings as to law and justice shall appertain,—that is, remanded generally,— the judgment of the appellate court is not a final judgment, from which an appeal or writ of error will lie to this court. (*Buck* v. *Hamilton,* 99 Ill. 507; *Rogers* v. *Traver,* 115 id. 113; *International Bank* v. *Jenkins,* 109 id. 219; *Trustees of Schools* v. *Potter,* 108 id. 433; *Harris* v. *People,* 138 id. 63; *Sholty* v. *Sholty,* 140 id. 81.) If, however, the judgment or order of the appellate court was such that no further proceding could be had in the trial court except to carry into effect the man-

date of the appellate court, it is final, and an appeal to this court would be allowed by the 91st paragraph (sec. 90,) of the Practice act. *Ball* v. *Schaffer*, 112 Ill. 341; *Englewood, etc. Railway Co.* v. *Chicago and Eastern Illinois Railroad Co.* 117 id. 611.

The Appellate Court can not sit to review its own decisions. If parties are dissatisfied with the determination there reached, the only mode of obtaining redress in that court is by petition for rehearing. In the absence of allowing such a petition, all final orders or judgments of the court are, as between the parties to the suit, *res judicata,* and binding upon them whenever they again arise in that court between the same parties, upon the same state of record. (*Ward* v. *Johnson,* 5 Bradw. 30; *Oldershaw* v. *Knoles,* 6 id. 325; *Ogle* v. *Turpin,* 8 id. 433.) This rule applies with equal force to the judgments and proceedings in this court on appeal or error. *Mosher* v. *Norton,* 100 Ill. 63; *Village of Brooklyn* v. *Orthwein,* 140 id. 620.

In the case at bar the judgment of the City court was reversed as to a single item in the guardian's account, as found by the special master, only, and the cause was remanded, with the specific direction to strike out that item, and the charges of interest thereon, in said report. Upon that appeal the entire report was before the court, and the errors assigned questioned the rulings of the City court in respect of each and all of said items, and in respect of the judgment or order entered by the City court upon the same. The order of the Appellate Court requiring the rejection of the item mentioned in nowise affected the order of the court in respect of other items of the account as reported. Where the items of administrator's or guardian's reports are based upon different transactions, the allowance or disallowance of the disconnected items are held to be independent orders of the court. (*Curtis* v. *Brooks,* 71 Ill. 127; *Morgan, Admr.* v. *Morgan,* 83 id. 196; *Millard* v. *Harris,* 119 id. 191.) The whole case being before the court upon that appeal, the reversal of the judgment, with

the specific directions to the lower court, was tantamount to an affirmance of the residue of the order, independently of the statement of the court at the end of the order that it found "no other error in the record." Upon remandment, the City court had no discretion as to the decree to be entered,—it must necessarily strike out the erroneous item and render its order for the balance.

Upon the present appeal the Appellate Court, in affirming the judgment, treat the questions raised as *res judicata,* and, we think, correctly so treated them. Nothing having been left to be done by the trial court, after the remandment upon the former appeal, but to carry into effect the mandate of the Appellate Court, it necessarily follows that the judgment of Appellate Court was final, within the purview of the statute allowing appeals to this court, and the finding of that court remaining in full force and effect, was conclusive of the rights involved on that appeal and there decided, and the same can not be called in question upon the second appeal or writ of error in the same case, upon the same record. (*Hook* v. *Richeson,* 115 Ill. 431; *Elston* v. *Kennicott,* 52 id. 272; *Hough* v. *Harvey,* 84 id. 308; *Champaign County* v. *Reed,* 106 id. 389.) There must be an end of litigation, and where a cause has been decided in the Appellate Court on appeal or writ of error, that court will not sit to review its former decision, in respect of matters that were, or might have been, assigned for error upon the record then before the court. And where the decision of the Appellate Court is final, matters decided by it will not be re-examined in the same court on a subsequent writ of error brought on the same record. (*Wabash, St. Louis and Pacific Railway Co.* v. *Peterson,* 115 Ill. 597; *Wadhams* v. *Gay,* 83 id. 250; *Hough* v. *Harvey, supra; Taylor* v. *Frew,* 113 id. 358; *Mix* v. *People,* 122 id. 641.) All such matters are regarded as *res judicata.* (*Mosher* v. *Norton, supra; Smythe* v. *Neff,* 123 Ill. 310; *Miller* v. *Spence,* 131 id. 122.) And the second appeal in the same case, when the judgment for re-

versal and remandment on the first appeal covers the entire merits of the controversy, will bring before the court of review only the proceedings had in the cause subsequently to the remandment. (*Walker* v. *Doan,* 108 Ill. 236, and cases *supra.*) This follows necessarily from the fact that an appellate court is bound by its former final decisions and judgments upon the same record. *C. W. Co.* v. *Sargeant,* 40 Ill. App. 438; *Field* v. *Brokaw,* id. 371; *Washburn and Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 Ill. 30; *Sanders* v. *Peck,* 131 id. 423.

Although the judgment of the Appellate Court reversed the order of the City court, it is clear that all the matters then in controversy were adjudicated, and the effect of the specific direction was to require the City court, after striking out the erroneous item, to render judgment for the balance of its former judgment. The order of the Appellate Court would have been more formal had it so expressly directed, but it would have been no more certain if the order of the court had in express terms affirmed the items entering into the judgment or order of the City court after striking out the objectionable item. An appeal from the former judgment of the Appellate Court, or the prosecution of a writ of error therefrom, was open to appellant. None having been prosecuted, he can not now complain that the City court carried out the mandate of the Appellate Court. The Appellate Court being concluded, upon the last appeal, by its former final adjudication, we are likewise concluded upon the present appeal.

It is clear, therefore, that the merits of the controversy are not before us on this appeal, but we have carefully looked into the same, and there is no reason apparent upon this record, if the merits were before us, for disturbing the former adjudication.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*