## Albert Bayer v. The Chicago M. & N. R. R. Co.

. 1. MASTER AND SERVANT—*When the Relation Does Not Exist Between Employer and Employe.*—One who contracts to do a specific piece of work, furnishes his own assistants and execu'.es the work, either entirely in accordance with his own ideas, or in accordance with a plan

furnished by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor and not a servant, and a person injured by his negligence in the performance of the work, has no right of action against the party for whom the work is being done.

2. SAME—*Employer not Liable for Negligence of Contractor.*—Where work is being done for a railroad company, under a contract, the fact that it retains the right to demand the discharge, under certain circumstances, of an employe of the person doing the work, does not make such company the principal or master so as to render it liable for the negligent acts of the contractor whereby injuries result to his employes.

3. VERDICTS—*When the Court Should Direct.*—When the evidence with all fair and legitimate inferences thereform is so insufficient to sustain a verdict for the plaintiff that the court must set it aside if rendered, the court will be justified in directing a verdict for the defendant.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Du Page County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

SETH F. CREWS and R. A. D. WILBANKS, attorneys for plaintiff in error.

W. J. KNIGHT, attorney for defendant in error.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Plaintiff in error brought an action on the case against defendant in error, to recover damages for injuries sustained by him in consequence of the fall of a bridge upon which he was at work on the line of defendant in error's railroad, across the north branch of Du Page river.

The cause was tried by a jury and after the evidence was all in, the trial court directed a verdict for the defendant, and this is assigned for error.

The defendant in error made a contract in 1887 with W. E. Dorwin & Co., for the construction of a portion of its railroad through Du Page county, whereby Dorwin & Co. agreed to furnish the necessary labor and material to complete the road-bed and structures for the reception of the ties and rails. It was provided that the work was to be done in

accordance with the plans and specifications and directions of the engineer in charge of the work, by whom the measurements and calculations of the quantities and amounts of several kinds of work performed should be determined, and it was also provided that the engineer should have power to reject and condemn work or materials which, in his opinion, did not conform to the spirit of the agreement.

It was further provided that the several stipulations of the agreement should be performed in such a manner that W. E. Dorwin & Co. should not be relieved from the immediate charge and responsibility of the work.

The fourth provision of the contract was as follows : " If any foreman or laborer employed by the contractor shall, in the opinion of the engineer, execute his work in an unfaithful or unskillful manner, or in any respect prove remiss or inadequate to the performance of his duty, or disrespectful or riotous in his conduct, he shall forthwith, by direction of the engineer, be discharged, and no person shall be employed on the work, in the capacity of foreman or overseer, who has been previously discharged for either or any of the above reasons."

Dorwin & Co., by verbal agreement, sub-let the contract to do the wood work on fifteen miles of the line, to one Henry Fox, the latter to perform all the work and Dorwin & Co. to furnish the materials. Plaintiff in error was a carpenter employed by Fox to work upon the bridge in question, and after he had worked thereon about nine days, the bridge fell, carrying him down with it, and causing the injury complained of.

The bridge, or trestle, was about 150 feet long, having eleven bents, and was about forty-two feet high from the ground to the top of the stringers. The frame was built upon the ground, and, after the first bent was raised, a temporary brace was placed upon each side and a rope fastened to the rails and ties upon a temporary trestle some forty feet distant to the west. Then the tackle blocks were placed on the first bent and from this the others were raised. After the bents were all raised the girders were put on, and

then the stringers for the reception of the ties were placed upon the top. The bridge was intended for a double track. At the time of the accident, which occurred July 9th, the bridge was completed, except that these stringers were not accurately placed, nor were they bolted.

Plaintiff in error did all kinds of work about the bridge, and at the time of the accident was on the top, at the extreme east end of the trestle, and Fox, the sub-contractor who was the immediate employer of plaintiff in error, was at the other end working on the stringers. Plaintiff in error and his employer, Fox, and the other employes of Fox, arrived at the bridge about twelve o'clock, but waited until three o'clock for Mr. Nair, the resident engineer of defendant in error to come and give them the centers, so as to get the exact location for the stringers. In the meantime, plaintiff in error and John Fox (a son of the sub-contractor) took off this rope that extended from the first bent to the rails, and also took off the braces that were placed when the first bent was raised, thus leaving the bridge without supports, the embankments at the ends of the bridge not yet having been filled in. Mr. Nair, the engineer, went upon the bridge and located the centers for placing the stringers, and then went away, and about twenty or thirty minutes afterward the bridge fell, killing the sub-contractor, Fox, and severely injuring plaintiff in error.

There was a wind blowing at the time, at the rate of from eight to ten miles per hour.

The negligence complained of in the first count of the declaration is, that defendant in error willfully and negligently constructed said trestle bridge in an unsafe and improper manner; and in the second count it is alleged that "the defendant then and there willfully and negligently so improperly constructed said trestle bridge that the same then and there, without any fault of said plaintiff, fell with and upon the plaintiff" causing his injury.

The third count in substance alleges that plaintiff was employed as a common laborer upon the bridge belonging to defendant, and under the charge, control and superintend-

ence of its officers and engineers; and charges that through their carelessness and negligence, they not being his fellow-servants, the bridge was so negligently managed and constructed that by reason thereof it fell with plaintiff and caused his injury.

The plan of the bridge, which was introduced in evidence, is what is known as " The Standard Plan " and was substantially the same as that used by most of the railroad companies throughout the country.   The evidence shows that this plan was not in all respects followed by the contractors in the construction of the bridge.   If it had been, in all probability the accident would not have occurred.   The plan called for the boxing of the girts, that is, notches cut in the girts so as to form a shoulder, which should fit against the posts at either side.   The plan also called for two bolts through the girts into the upright posts, but only one was used by Fox.   The tenons did not fit the mortises, the ends having been chopped off so that they might slip in easily when raised.   It appears that another bridge was subsequently erected at the same place upon the same plans as the one which fell.

There is in fact no complaint that the plans were defective or that the injury was the result of any such defect, and we think the clear weight of the evidence shows that the bridge fell from a want of care in doing the work, and not from any defect in the plan.

We are of the opinion a fair construction of the contract shows that Dorwin & Co. were independent contractors, and were not the servants of defendant in error.   While the latter retained the right of supervision over the construction of the bridge, so as to see that the work was done according to the plans and specifications therefor, to that extent only it retained the right of directing how the work should be done.   The details of the work, and the particular manner in which it should be accomplished, so long as it conformed to the plans and specifications, were under the exclusive control of Dorwin & Co. or their sub-contractors. Plaintiff in error was the servant of the sub-contractor Fox, and not of the defendant in error.

By the express terms of the contract Dorwin & Co. were not to be relieved from the immediate charge and responsibility of the work. It was through the negligence of the contractors, or their sub-contractor, Fox, that plaintiff in error was injured, and not because of any negligence on the part of defendant in error, or any of its officers or agents. It is strongly urged by counsel for plaintiff in error that Dorwin & Co. were not independent contractors because defendant in error retained the right of supervision and control, and because, they say, "it could direct or discharge an employe at will or for cause." It is true the railroad company retained the right of supervision to the extent we have stated above, but we nowhere find that it retained the absolute right to discharge employes, either at will or for cause. It retained the right to demand the discharge of an employe under certain circumstances, but we do not think that fact made it the principal or master, so as to render it liable for the negligent acts of the contractors, whereby injury might result to their employes.

We think this case falls within the principles laid down by our Supreme Court in the case of Hale et al. v. Johnson, 80 Ill. 185, wherein it is held that "one who contracts to do a specific piece of work, furnishing his own assistants and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is clearly a contractor and not a servant." Shearman & Redfield on Neg., Sec. 77; Wharton on Neg., Sec. 181; Kipperly v. Ramsden, 83 Ill. 354; Scammon v. City of Chicago, 25 Ill. 424; Wadsworth-Howland Co. v. Foster, 50 App. 513; Chicago City Railway Co. v. Hennesy, 16 App. 153; Pfau v. Williamson, 63 Ill. 19.

Under the doctrine laid down in these cases, we think the evidence for plaintiff failed to make out a cause of action against defendant, and the court committed no error in directing a verdict in its favor. When the evidence, with all fair and legitimate inferences therefrom, is so insufficient

to sustain a verdict for the plaintiff that the court must set it aside if rendered, the court will be justified in directing a verdict for the defendant. Pullman Palace Car Co. v. Laack, 143 Ill. 252; Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 346.

In the case at bar, if the evidence had gone to the jury and a verdict had been rendered for the plaintiff, we think it would have been the duty of the court to set it aside.

In our opinion, the direction of the court below was strictly in accordance with and warranted by the above authorities, and the judgment must be affirmed.