THE CHICAGO CITY RAILWAY COMPANY

*v.*

JOHN MARTENSEN.

*Opinion filed October 25, 1902.*

APPEALS AND ERRORS—*effect of refusal of a peremptory instruction asked at close of all the evidence.* The refusal of a peremptory instruction for the defendant, asked at the close of all the evidence, does not authorize the Supreme Court to weigh the evidence in deciding whether or not it justified the verdict, but merely preserves the naked legal question whether there is any evidence in the whole record which fairly tends to prove the plaintiff's case.

*Chicago City Railway Co.* v. *Martensen,* 100 Ill. App. 306, affirmed.

| | |
|---|---|
| 198 | 511 |
| e201 | 119 |
| 198 | 511 |
| 104a | 360 |
| 198 | 511 |
| 206 | 150 |
| 107a | 528 |
| 107a | 561 |
| 198 | 511 |
| 209 | 325 |
| 211 | 452 |
| 211 | 581 |
| 198 | 511 |
| 215 | 234 |
| 215 | 290 |

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

WILLIAM J. HYNES, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

MUNSON T. CASE, and JOHN J. COBURN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District to reverse a judgment there rendered affirming a judgment of the circuit court of Cook county in favor of John Martenson, in an action for personal injuries by him, against appellant. Appellee was driving a wagon eastward on Fifty-ninth street, in the city of Chicago, and was struck by appellant's car at the intersection of that street and Wentworth avenue. The charge in the declaration is, that while the plaintiff was driving along the street with all due care and diligence, the defendant so carelessly and improperly drove and managed the electric car that by reason thereof it struck complainant's wagon, throwing him to the ground and causing his injury.

At the close of plaintiff's evidence, and again at the close of all the evidence, the defendant asked the court to give a peremptory instruction directing a verdict in favor of the defendant. Upon this appeal it is urged by counsel that the verdict was not justified by the evidence, and in arguing this proposition it is sought to draw a distinction between the case where a peremptory instruction is asked at the close of the plaintiff's evidence and where the instruction is again asked at the close of all the evidence, inferring that in the latter case the court will consider the weight of the evidence in deciding whether or not it justified the verdict. It is difficult to perceive how such a position can be seriously contended for. By the very terms of the statute all controverted questions of fact are settled by the verdict of the jury and the judgment of the Appellate Court, and we have decided very many times that on a motion to take a case from the jury, either at the close of plaintiff's evidence or at the close of all the evidence, the naked legal question thereby raised in this court is whether or not there is any evidence in the record fairly tending to support the plaintiff's cause of action. It is never a question of the weight of the testimony. It would be useless to attempt to reiterate the reason for this rule. If, as contended by counsel for appellant, the trial court may, at the close of all the evidence, take a case from the jury merely because he regards the clear preponderance of the evidence,—or the overwhelming preponderance of the evidence,—as being in favor of the defendant, then the right of trial by jury is left to the judgment and discretion of the court; and no one would seriously insist upon such a rule. In looking into this record we find there was evidence upon which it was the duty of the court to submit to the jury the question of negligence on the part of the defendant and due care on the part of the plaintiff, as alleged in the declaration. Whether that evidence came from the testimony of the plaintiff himself

or from other witnesses can make no difference. The question is, on the whole record, was there competent evidence which, from its reasonable intendments and inferences, fairly tended to make out the plaintiff's case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*