BLAKESLEE'S EXPRESS AND VAN COMPANY

*v.*

KITTIE FORD, Admx.

*Opinion filed April 17, 1905.*

1. APPEALS AND ERRORS—*Appellate Court is presumed to have looked to its former judgment.* In the absence of anything in the record showing the judgment of Appellate Court on the first appeal, it will be presumed that court on second appeal looked to its former judgment and determined that it was not *res judicata* of the matters involved in the second appeal.

2. SAME—*question of weight of evidence does not arise under refusal of peremptory instruction.* In determining whether the trial court erred in refusing defendant's peremptory instruction the Supreme Court can only consider whether there is any evidence in the record tending to support the plaintiff's cause of action.

3. TRIAL—*when question of negligence is properly left to the jury.* Whether the driver of a wagon was negligent is properly left to the jury under evidence that he turned his team suddenly, as if to go down a cross-street, and then changed his course, continuing along the same street but on the wrong side thereof, thereby confusing plaintiff's intestate who was approaching on a bicycle, and who was struck by the pole of the wagon and killed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

This is an action on the case brought by appellee in the circuit court of Cook county to recover damages for negligently causing the death of appellee's intestate. The case has been tried three times before a jury in the circuit court of Cook county. At the first trial a peremptory instruction was given, at the close of all the evidence, directing a verdict for the defendant, but a new trial was subsequently granted. At the second trial the defendant again moved the court to direct a verdict in its favor. This motion was overruled, and upon submission to the jury a verdict was ren-

dered in favor of plaintiff for $3500. From the judgment entered on this verdict an appeal was made to the Appellate Court for the First District, where the judgment was reversed and the cause remanded. (90 Ill. App. 137.) On the third trial the defendant moved the court to direct a verdict in favor of the defendant. This motion was overruled and the jury returned a verdict in favor of the plaintiff for $3500, upon which judgment was entered. From this judgment an appeal was taken to the Appellate Court for the First District, where the judgment was affirmed. (106 Ill. App. 109.) From the judgment affirming this second judgment the case is brought here on appeal.

The record discloses the following salient facts: The deceased, George Ford, on October 31, 1894, at about ten o'clock in the morning, went out for a ride on his bicycle. At the time of the accident he was riding east on Washington boulevard, and approaching Page street, now called Hermitage avenue. Page street runs north and south, intersecting Washington boulevard at right angles. As Mr. Ford was riding east on Washington boulevard, a wagon used for moving pianos, drawn by two horses and occupied by servants of the appellant, was coming west on the same boulevard, approaching the intersection of Page street. The horses drawing the wagon were trotting, but not rapidly, but the bicyclist, while not going with excessive speed, was traveling at a moderately rapid rate. Close to the intersection a collision occurred, in which the plaintiff's intestate was injured so severely that he died the following day.

The exact manner in which the accident occurred is the question on which the testimony of the plaintiff and the defendant is at utter variance. The testimony in behalf of the plaintiff tended to show that when the wagon was approaching Page street the driver swung his horses to the left, as if he were going to turn south on Page street, but just as the horses' heads were even with the south line of Washington boulevard the driver suddenly changed his course from a

south-westerly direction to a westerly direction on Washington boulevard. When the bicyclist noticed the team turning to the south as if to go on Page street he turned slightly to the left, evidently to go to the rear of the wagon as it turned. When the horses made the second sudden turn from south to west they swung directly in front of and against the bicyclist, causing a collision, which resulted in the injury. The pole of the wagon struck the deceased squarely near the center of the body. The contention of the defendant, on the other hand, is, that the wagon did not make a turn to the south but continued on the north side of Washington boulevard; that they had no object in turning at Page street and made no turn in that direction, and that the bicyclist, who had been riding on the south side of the street, crossed over to the north side, evidently intending to go between the wagon and the north curb; that the driver noticed this action and immediately turned the horses to the south, but that in the confusion resulting from the ignorance of each as to what the other was about to do, the bicyclist ran directly into the pole of the wagon after the driver had brought the horses to a standstill.

O. W. DYNES, for appellant.

BENSON LANDON, and B. C. BACHRACH, (WILLIAM S. FORREST, of counsel,) for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

Appellant takes the position here that the matters involved in this appeal are *res judicata* under and by a former judgment of the Appellate Court. It appears from the record that the case was tried three times in the circuit court of Cook county. On the first trial the verdict was not guilty. On the second trial there was a verdict for the appellee for $3500. On appeal the Appellate Court for the First District

reversed and remanded the cause for a new trial. The record of the Appellate Court on the first appeal is not before us, and we have no definite means of knowing what the judgment was. In the absence of the record we will presume that the circuit court proceeded in accordance with the judgment and remanding order of the Appellate Court, and in looking to the record of the circuit court we find the trial from which this appeal was prosecuted was general and upon the merits.

Appellant cites a number of cases wherein it is held that if a cause is remanded with special directions to the lower court as to the judgment to be there rendered, and that court proceeds and renders judgment according to such directions, then, on another appeal to the Appellate Court, the matters it has passed upon in the former appeal are *res judicata.* Such was the holding in *Henning* v. *Eldridge,* 146 Ill. 305, and other cases cited by appellant. But the case of *Henning* v. *Eldridge, supra,* states the correct rule to be, that when the cause is remanded by the Appellate Court generally, the judgment of the Appellate Court is not a final judgment and is not *res judicata.* This latter rule has been many times announced, and among the more recent cases is that of *Friedman* v. *Lesher,* 198 Ill. 21. In the absence of the record showing the contrary we will also presume that the Appellate Court looked to its former judgment and directly determined that its former judgment was not *res judicata* of the matters now presented.

The error assigned upon the judgment of the Appellate Court is, that it erred in affirming the judgment of the court below. No question is raised as to the admission or exclusion of evidence or the giving or refusing of the general instructions. The only question for the court to determine is, whether the trial court erred in refusing the peremptory instruction offered by the defendant at the close of all the evidence. We have held repeatedly that in such case there is before this court the single question, was there in all the

evidence testimony fairly tending to support the plaintiff's cause of action? We are not authorized to make any inquiry into the preponderance of the weight of the evidence. That was the function of the jury and the Appellate Court. Our inquiry must be whether there is any evidence in the record which fairly tends to show that defendant's servants were negligent and that the plaintiff's intestate was in the exercise of due care, and that the injury was due to appellant's negligence. We must take all the evidence in the record that makes for the plaintiff and exclude all that denies or contradicts it, because a motion to direct a verdict for the defendant admits, for the purposes of the motion, the truth of the testimony which supports the plaintiff's cause. Then, in order to hold that there was error in refusing the peremptory instruction, we must find that reasonable minds would not reach different conclusions on this evidence. *Chicago City Railway Co.* v. *Martensen,* 198 Ill. 511; *Illinois Central Railroad Co.* v. *Heisner,* 192 id. 571; *Offutt* v. *World's Columbian Exposition,* 175 id. 472.

The plaintiff introduced evidence tending to show that the wagon of defendant crossed from the north to the south side of the boulevard as though about to enter Page avenue, and then suddenly turned to the west; that the plaintiff's intestate was confused by the sudden turns, and, although evidently making every effort to avoid the wagon, was struck. We believe that if this were true, reasonable minds might reach different conclusions as to whether such acts on the part of the defendant's servants were negligent and whether plaintiff's intestate was in the exercise of due care. We can not say that, as a matter of law, it would not be negligent for one to drive his horses at a trot from the north side to the south side of the street in a manner calculated to lead other travelers on the street to believe he intended to leave it, and then suddenly turn to the west, along and in the same street. In making this sudden turn he was on the part of the boulevard which was to his left, and was directly in the

way of those coming from the opposite direction who were on the part of the boulevard which was to their right. We do not hold that the failure of the defendant to keep on the right side of the boulevard was negligence *per se,* but that it was a circumstance which tended to prove negligence. At all events, we think that reasonable minds might differ as to whether, under all the circumstances as shown by the evidence, the appellant was negligent or not and whether the plaintiff's intestate was using due care and was injured by appellant's negligence. We would usurp the functions of the jury and the Appellate Court if we were to go further into the record to satisfy ourselves on the question of preponderance of the evidence.

We find no reversible error in the judgment of the Appellate Court, and that judgment is accordingly affirmed.

*Judgment affirmed.*