### Josiah C. Fleming, et al., v. Charlotte J. Ludington, et al.

#### Gen. No. 11,956.

1. PEREMPTORY INSTRUCTION—*what question at issue upon application for.* The question at issue in judging as to whether a peremptory instruction should be given or refused, is whether there is any evidence in the record which, with all reasonable inferences and intendments to be drawn therefrom, legally tends to establish the plaintiff's case, the effect of all modifying and countervailing evidence being laid out of view.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed May 29, 1905.

DARROW, MASTERS & WILSON, for appellants.

LYMAN, BUSBY & LYMAN, for appellees; LEONARD A. BUSBY of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment in favor of the defendants below, in a suit which was brought for commissions alleged by the plaintiffs to have been earned in bringing about the leasing for a long term of a certain piece of property in Chicago. The cause proceeded to trial on pleadings

consisting of a declaration on the common counts only and a plea of the general issue. At the conclusion of the plaintiff's evidence the defendants moved the court to direct a verdict for the defendants on the ground, in effect, that there had been no evidence introduced which could support a verdict for the plaintiffs, but that the evidence showed affirmatively that the plaintiffs had earned no commissions. This motion the court denied. The motion, however, was renewed at the close of defendants' case, on substantially the same expressed grounds, the principal difference in the written motions being that certain propositions in the motion at the close of plaintiffs' case are introduced with the words, "Plaintiffs' evidence shows," and that to substantially the same propositions in the motion at the close of all the evidence are prefixed the words: "The uncontradicted evidence conclusively shows." This last motion was granted and the requested instruction given.

Counsel for appellees justify this action of the trial court under the following proposition. They say: "Where the evidence with all the inferences that a jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict if returned must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendants." As authority for this doctrine they cite Simmons v. Chicago & Tomah R. R. Co., 110 Ill., 346; Bayer v. C. M. & N. R. R. Co., 68 Ill. App., 219, and a number of other cases, and declare that the law of this State is so "settled beyond all question."

In several late cases, however, the Supreme Court has declared this not to be the law.

In Woodman v. The Illinois Trust & Savings Bank, 211 Ill., 578, the Supreme Court criticises the language used in Simmons v. The Chicago & Tomah R. R. Co., and quoting and reaffirming its utterances in Frazer v. Howe, 106 Ill., 563, Rack v. Chicago City Railway Co., 173 Ill., 289, and Chicago City Ry. Co. v. Martensen, 198 Ill., 511, say that the question at issue in judging of a peremptory instruction for the defendant, is whether there is any evidence in the

record which, with all reasonable inferences and intendments to be drawn therefrom, legally tends to establish the plaintiff's case, the effect of all modifying and countervailing evidence being laid out of view.

The rule contended for by appellees' counsel here would, the Supreme Court says in Chicago City Ry. v. Martensen, 198 Ill., 511, leave the right of trial by jury to the judgment and discretion of the court, and is not to be seriously regarded.

This court has of course followed in its decisions the doctrine laid down by the Supreme Court. Ware v. The Illinois Central R. R. Co., 119 Ill. App. 456.

Applying the test thus declared to be the correct one in the case at bar, we cannot hold the instruction of the trial court, at the close of all the evidence, justified. We hardly think the court intended to apply that test, inasmuch as had it done so its decision on the motion at the close of all the evidence would probably not have differed from that on the motion at the close of plaintiffs' case. We must therefore reverse and remand the cause for a new trial.

As this case must be again tried, we do not discuss the evidence or its weight or effect. We have considered it only with reference to the question above indicated in relation to the peremptory instruction.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*