(No. 19455

THE TRIBUNE COMPANY, Plaintiff in Error, *vs.* THE EMERY MOTOR LIVERY COMPANY, Defendant in Error.

*Opinion filed December 20, 1929—Rehearing denied April 3, 1930.*

HEARD, J., dissenting.

GEORGE A. SCHNEIDER, for plaintiff in error.

GREEN & RICE, (CHARLES E. GREEN, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

While in the service of the Tribune Company, a corporation, John Herbeck was struck by a taxicab operated by the Emery Motor Livery Company, also a corporation, and seriously injured. The former company, complying with the Workmen's Compensation act, paid Herbeck compensation for his injuries. After certain installments had been paid, the Tribune Company brought suit in the superior court of Cook county against the Emery Motor Livery Company, by authority of section 29 of the Compensation act, to recover damages for the negligence of the livery company in causing Herbeck's injuries. A jury trial resulted in a verdict for the plaintiff in the sum of $4595. Judgment upon the verdict followed and the defendant prosecuted an appeal to the Appellate Court for the First District. That court reversed the judgment and remanded the cause to the superior court for a new trial. The cause was re-docketed, the defendant, upon leave granted, withdrew its plea of the general issue and filed a demurrer to the declaration. The demurrer was sustained, the plaintiff elected to stand by its declaration, and the suit was dismissed. From this judgment the plaintiff appealed to the Appellate Court. The judgment of the superior court was again reversed and the cause was remanded to that court with directions to assess the plaintiff's damages at the sum of its compensation payments made to Herbeck prior to the institution of its suit, not exceeding, however, the aggregate amount payable under the Workmen's Compensation act. The cause was again re-docketed, and upon its submission to the court without a jury, the evidence was

limited to the plaintiff's payments of compensation made to Herbeck before the suit was brought. These payments aggregated $324, and judgment for that sum and costs was rendered against the defendant. The plaintiff again prosecuted an appeal to the Appellate Court and that court affirmed the judgment. Upon the petition of the Tribune Company a writ of *certiorari* was awarded and the record is here for a further review.

The plaintiff in error, the Tribune Company, makes the contention, among others, that the sum which an employer is entitled to recover against a negligent third party, under section 29 of the Workmen's Compensation act, is the whole compensation payable to the injured employee as fixed by that act, or, in any event, the sum of all the compensation payments made to him to the time of the trial of the suit against the third party. The defendant in error, to sustain the final judgment of the Appellate Court, insists that the judgment of that court upon the second appeal reversing the judgment of the superior court and remanding the cause to that court with specific directions, was a final judgment; that thereafter no proceedings could be taken in the trial court save to carry into effect the mandate of the Appellate Court; that the superior court obeyed that mandate, and hence that the Appellate Court could not, on the third review, render a judgment other than one of affirmance. In our view, the contention of the defendant in error is decisive of this case.

A judgment or decree is final and reviewable when it terminates the litigation on the merits of the case and determines the rights of the parties. (*People* v. *Fisher*, 335 Ill. 406; *Orwig* v. *Conley*, 322 id. 291; *Peabody Coal Co.* v. *Industrial Com.* 287 id. 407; *Allison* v. *Drake*, 145 id. 500). When a reviewing court reverses a judgment and remands a cause with directions, and the legal principles to govern the trial court's action are stated by the reviewing court, the judgment is final. The trial court, in such

a situation, is bound to follow the reviewing court's directions. *Roggenbuck* v. *Breuhaus,* 330 Ill. 294; *Bennett* v. *Weber,* 323 id. 283; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Gage,* 286 id. 213; *Curran* v. *Houston,* 201 id. 442; *Aurora and Geneva Railway Co.* v. *Harvey,* 178 id. 477.

The Appellate Court upon the first appeal reversed the judgment of the superior court and remanded the cause for a new trial. (*Tribune Co.* v. *Emery Motor Livery Co.* 232 Ill. App. 309). The judgment of the Appellate Court on that appeal was not a final judgment. The second trial in the superior court resulted in a dismissal of the suit. On the second appeal, the Appellate Court again reversed the judgment of the superior court but there was no general order of remandment. The cause was remanded with specific directions which determined the rights of the parties. Since this judgment was a final one, it was incumbent upon the plaintiff in error, if it thought the judgment erroneous, either to prosecute a further appeal based upon a certificate of importance granted by the Appellate Court, or to make application to this court for a writ of *certiorari.* No review, however, of the Appellate Court's judgment on the second appeal was sought, and it became binding upon the parties. After the determination of the second appeal, the trial court's only course was to obey the mandate of the Appellate Court. In obedience to that mandate, the superior court properly refused to hear or consider evidence of payments made to Herbeck subsequently to the institution of the suit, and it rendered judgment as directed.

Upon the third appeal, the Appellate Court treated the questions raised as *res judicata.* The finding of the reviewing court upon the second appeal remaining in full force and effect, became conclusive of the rights involved on that appeal and could not be called in question upon a subsequent appeal or writ of error in the same case upon

the same record. (*Henning* v. *Eldridge*, 146 Ill. 305; *Hook* v. *Richeson*, 115 id. 431; *Champaign County* v. *Reed*, 106 id. 389; *Hough* v. *Harvey*, 84 id. 308; *Elston* v. *Kennicott*, 52 id. 272). There must be an end to litigation, and where a cause has been decided in the Appellate Court on appeal or writ of error, that court will not review its former decision, in respect of matters which were, or might have been, assigned for error upon the record then before the court. (*Henning* v. *Eldridge, supra; Hough* v. *Harvey, supra; Mix* v. *People*, 122 Ill. 641; *Wabash, St. Louis and Pacific Railway Co.* v. *Peterson*, 115 id. 597; *Taylor* v. *Frew*, 113 id. 358; *Wadhams* v. *Gay*, 83 id. 250). All such matters are regarded as *res judicata.* (*Henning* v. *Eldridge, supra; Moshier* v. *Norton*, 100 Ill. 63; *Smyth* v. *Neff*, 123 id. 310; *Miller* v. *Pence*, 131 id. 122). The second appeal in the same case, when the judgment of reversal and remandment on the first appeal covers the entire merits of the controversy, will bring before the court of review only the proceedings had in the cause subsequently to the remandment. (*Walker* v. *Doane*, 108 Ill. 236). This result follows necessarily from the fact that an appellate court is bound by its former final decision and judgment upon the same record. (*Henning* v. *Eldridge, supra; Sanders* v. *Peck*, 131 Ill. 407; *Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 id. 30; *Central Warehouse Co.* v. *Sargeant*, 40 Ill. App. 438; *Field* v. *Brokaw*, id. 371). The Appellate Court being concluded, upon the last appeal, by its former final adjudication, this court is likewise concluded upon the present writ of error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Heard, dissenting.