(Docket No. 10953.—Judgment affirmed.)

PETER ZUKAS, Defendant in Error, *vs.* THE APPLETON MANUFACTURING COMPANY, Plaintiff in Error.

*Opinion filed June 21, 1917.*

1. WORKMEN'S COMPENSATION—*defendant in action for negligence may plead Workmen's Compensation act though the defense is not negatived in declaration.* Whether the court has jurisdiction of a personal injury suit against a defendant engaged in an extra-hazardous business covered by paragraph (*b*) of section 3 of the Workmen's Compensation act depends on whether the defendant has elected not to come under the act, and where the declaration does not allege that such election has been made, the defendant may plead the Compensation act as a defense or prove such defense under the general issue.

2. SAME—*when defendant in personal injury suit has waived defense of Workmen's Compensation act.* A defendant in a personal injury suit who is engaged in an extra-hazardous business cannot question in the Supreme Court the jurisdiction of the trial court on the ground that it was not shown that the defendant had elected not to be governed by the Workmen's Compensation act, where it did not plead such defense nor attempt to prove it under the general issue and prevented the plaintiff from making such proof by objecting on the ground that the question was not in issue under the declaration.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding.

THOMAS C. ANGERSTEIN, (GEORGE W. ANGERSTEIN, of counsel,) for plaintiff in error.

SCHUYLER F. LYNN, and DAVID K. TONE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Peter Zukas, a minor, by his next friend, (hereafter referred to as plaintiff,) sued the Appleton Manufacturing Company (hereafter referred to as defendant) for dam-

ages for a personal injury alleged to have been sustained by plaintiff, an employee of defendant, as a result of defendant's negligence. Defendant was operating a foundry for the manufacture of castings. The first count of the declaration alleges that in a certain room molten iron was occasionally emptied from the cupola upon the floor, causing an explosion dangerous to plaintiff and other employees working in the room; that plaintiff was inexperienced and unfamiliar with such dangers; that it was the duty of the defendant to give notice or warning before emptying said molten iron on the floor so plaintiff could retire and avoid injury from such explosions, but that defendant negligently failed to give such notice or warning October 20, 1913, but on that day deposited molten iron on the floor, causing a tremendous explosion, so that sparks, flames and smoke spread to and upon plaintiff, burning him so that he ran to a portion of the room where there was a door and a window, and in the stress of circumstances, under great excitement, he inadvertently plunged through a window and fell to the ground, a distance of sixteen feet, and received serious injuries. The other counts are not materially different from the first. Defendant pleaded the general issue. The cause was tried by a jury and resulted in a verdict and judgment for plaintiff for $2500. On appeal to the Appellate Court for the Second District the judgment was affirmed. Defendant petitioned this court for a writ of *certiorari,* which was granted, and the record has been brought to this court for review.

It is first contended that the circuit court had no jurisdiction to hear and determine the case and the Appellate Court erred in not reversing the judgment.

Section 1 of the Workmen's Compensation act provides that any employer in this State may elect to pay compensation to employees for injuries sustained arising out of and in the course of the employment, according to the provisions of the act, and thereby relieve himself from liability except

as provided in the act. The election to provide compensation under the act may be made by giving notice as provided in said section. Section 2 provides that every employer enumerated in paragraph (*b*) of section 3 shall be conclusively presumed to have filed notice of his intention to pay compensation according to the provisions of the act, unless and until he files his notice in writing with the Industrial Board of his election to the contrary, and furnishes his employees notice, personally or by posting notice in a conspicuous place in the plant, as required by the act. The occupations enumerated in paragraph (*b*) of section 3 are declared extra-hazardous and include such enterprises as defendant was engaged in.

It is contended that unless defendant had elected, by giving the notice required by the statute, that it would not provide compensation under the act, it was conclusively presumed to be operating under the act and was relieved from any liability for damages to injured employees except as provided in the Workmen's Compensation act. The declaration did not allege that defendant had elected not to provide compensation under the act. No objection was made to its sufficiency but defendant pleaded the general issue. On the trial of the case counsel for the plaintiff offered to prove that the defendant had elected not to provide compensation under the Workmen's Compensation act. Counsel for the defendant objected to the proof being made, on the ground that it was not an issue in the case, and the objection was sustained. Among the defenses relied on by the defendant at the trial were assumed risk, contributory negligence of plaintiff and negligence of a fellow-servant. It does not appear that any objection was made by plaintiff to such defenses being interposed, and the trial court, at the request of both plaintiff and defendant, instructed the jury as to the law of these defenses. At the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence, defendant presented a motion in writing for a di-

rected verdict. The motions were alike, and assigned seven reasons why the court should direct a verdict for defendant. The substance of the reasons was, that negligence of the defendant had not been proved, that plaintiff was guilty of contributory negligence, that plaintiff was not in the exercise of ordinary care for his own safety, that plaintiff assumed the risk, that the injury resulted from the negligence of a fellow-servant, that the negligence alleged was not the proximate cause of the injury, and that there was a variance between the proof and the allegations of the declaration. After the verdict was returned a motion in writing for a new trial was filed, giving fifteen reasons why it was claimed a new trial should be granted. No reference was made to the question now raised that it was not alleged or proved that defendant had elected not to be bound by the Workmen's Compensation act and therefore it was presumed to be under the act and exempt from liability except as provided in said act. That question is very briefly treated in the brief and argument of defendant in this court, which is devoted mainly to the alleged variance between the allegations and proof, the sufficiency of the evidence, the giving and refusing of instructions and the improper argument of counsel for plaintiff.

There can be no doubt that if defendant had not elected not to be bound by the Workmen's Compensation act the presumption obtained that it was bound to provide and pay compensation under the act, and in that case it would not be liable in a common law action for injuries to an employee. Whether the court had jurisdiction of the action depended on whether the defendant had elected not to provide and pay compensation under the Compensation act. The declaration did not allege that such election had been made, but defendant was not deprived of that defense because it was not negatived in the declaration. If it was bound to provide and pay compensation under the Workmen's Compensation act it could have pleaded it or it could

have proved it under the general issue. (*VonBoeckmann v. Corn Products Refining Co.* 274 Ill. 605.) Defendant chose, however, not to interpose that defense, and when plaintiff sought to rebut the presumption that defendant was operating under the Workmen's Compensation act because it had elected to the contrary, defendant prevented the proof being made by interposing objections, which were sustained. It now contends that there was neither allegation nor proof negativing the presumption and for that reason the court was without jurisdiction. Whether the court had jurisdiction to determine defendant's liability to an injured employee in a common law action depended upon the fact whether defendant had elected not to be bound by the statute. Plaintiff offered to prove it had so elected, and defendant does not deny the truth of the fact offered to be proved and which was prevented from being made on its objection that it was not an issue in the case. If, in truth and in fact, it had made such election, then the court had jurisdiction to entertain a suit at common law to determine defendant's liability to an injured employee. We are warranted in inferring from the record that such was the fact. Conceding that good pleading required the allegation of such election in the declaration, defendant, if it desired to deny liability in a common law action, was not prevented from doing so and thereby challenging the court's jurisdiction, but it did not see fit to raise the question in any way and in our opinion must be held to have waived it.

But it is contended that jurisdiction of the subject matter could not be waived. That rule is not applicable here. The court did have jurisdiction of the subject matter if defendant had elected not to be bound by the Compensation act, and under the state of this record the inference is warranted that it had so elected. We are warranted in assuming proof of that fact would have been made but for defendant's action. The rule relied on by defendant applies to cases where there is no law conferring jurisdiction. So

far as appears from this record defendant did not desire to question the jurisdiction of the court but preferred to try the case in the form the action was brought, on its merits. It ought not now, after being defeated, be heard to raise the question of jurisdiction and ask a reversal of the judgment because the case was tried upon the wrong theory.

Being of opinion the record discloses no error of law which would require or justify a reversal of the judgment, it is affirmed.                                   *Judgment affirmed.*