(No. 12423.—Judgment affirmed.)

JOHN DAVIS, Appellant, *vs.* THE ST. PAUL COAL COMPANY, Appellee.

*Opinion filed December 18, 1918.*

1. NEGLIGENCE—*when declaration must negative application of Compensation act.* Where the defendant in a common law action by an employee for personal injuries is an employer whose business is enumerated in paragraph (*b*) of section 3 of the Workmen's Compensation act the declaration must allege that the employer had elected not to be bound by the act. (*Beveridge* v. *Illinois Fuel Co.* 283 Ill. 31, adhered to.)

2. SAME—*when cause of action in an amended declaration is barred.* Where a demurrer to a declaration stating a cause of action for common law negligence is sustained on the ground that it has failed to allege that the defendant, a coal mining company, had elected not to be bound by the Compensation act, an amendment to the declaration supplying the omitted allegation more than a year after injury comes too late and the declaration is open to a plea of the Statute of Limitations.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

BROWNE & WILEY, and BUTTERS & CLARK, for appellant.

DUNCAN & O'CONOR, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant (hereafter called plaintiff) brought an action against the appellee, (hereafter referred to as defendant,) plaintiff's employer, in the circuit court of LaSalle county, to recover damages for a personal injury to plaintiff, alleged to have resulted from the negligence of defendant. The declaration contained two counts and stated a case for a recovery in an action at common law. It contained no

allegation that the parties had elected not to operate. under the Workmen's Compensation act. Defendant demurred to the declaration, the court sustained the demurrer, and plaintiff asked and was granted leave to amend the declaration. The amendment consisted of inserting in each count an allegation that before plaintiff was injured defendant had elected to not operate under the Workmen's Compensation act. The injury to the plaintiff was received November 8, 1913. The amendment was filed November 14, 1917. To the amended declaration defendant pleaded the Statute of Limitations. Plaintiff demurred to that plea but the court overruled the demurrer. Plaintiff elected to stand by his demurrer, and the court rendered judgment in favor of defendant and against plaintiff for costs. Plaintiff prosecuted an appeal to the Appellate Court for the Second District, where the judgment was affirmed. The Appellate Court granted a certificate of importance and an appeal to this court, and the case is brought here to review the judgment of the Appellate Court.

The original declaration stated a cause of action for damages at common law for a personal injury. Defendant was engaged in coal mining and plaintiff was employed by it in that business. There was no averment in the original declaration that the parties had elected not to be bound by the Workmen's Compensation act. By section 1 of that act an employer who elects to provide and pay compensation for accidental injuries to employees is relieved of any liability for damages except as provided in the act. Section 2 provides that every employer enumerated in paragraph (*b*) of section 3 shall be conclusively presumed to be subject to the act unless he has given notice of his election otherwise, in the manner therein provided. Persons or corporations engaged in "mining, surface mining or quarrying" are engaged in employments which are by said section 3 conclusively presumed to be subject to the act unless they have elected to the contrary, and section 6 pro-

vides: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury."

The action was brought against an employer whom the law conclusively presumes is subject to the Workmen's Compensation act and who was not liable in a common law action to an employee for damages for any injury sustained. Plaintiff, by amending his declaration, after the demurrer was sustained, so as to allege that the parties had elected not to be bound by the act, impliedly acquiesced in the court's action and amended the declaration so that as amended it stated a case at common law. This was done after the bar of the statute had become complete.

The original declaration did not defectively state a cause of action, which might be good after verdict. In *Beveridge* v. *Illinois Fuel Co.* 283 Ill. 31, the declaration alleged the parties had elected not to be bound by the Workmen's Compensation act, but there was a failure of proof by the plaintiff of that allegation. Discussing the question this court said: "It was essential, therefore, to the statement of a cause of action for a negligent injury by an employee against his employer, that it should appear that the employer was not covered by the provisions of the act. A declaration which fails to state a fact whose existence is necessary to entitle the plaintiff to recover does not state a cause of action.—*Walters* v. *City of Ottawa,* 240 Ill. 259." That decision is conclusive of the question here involved and it requires no further discussion unless we were of opinion that decision was erroneous. We entertain no such opinion but are satisfied with its soundness and must adhere to it.

This question was not squarely passed upon in *Zukas v. Appleton Manf. Co.* 279 Ill. 171, and in *Barnes v. Illinois Fuel Co.* 283 id. 173, but what was said in those cases clearly indicates the view of the court was in harmony with the rule laid down in the *Beveridge case* and is in no way in conflict with that case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*