# Elaborated Ready Roofing Company, Appellant, v. Chicago and Western Indiana Railroad Company, Appellee.

## Gen. No. 25,703.

**1.** RAILROADS—*declaration alleging injury by overhead structure to person driving in street as stating cause of action.* A declaration containing allegations that defendant railroad maintained a superstructure with girders over a street at a distance above the roadway which made it unsafe and dangerous, that plaintiff's intestate was riding along the street on a wagon and was exercising ordinary care for his own safety, and that, as a proximate result of the premises, he collided with such superstructure and was killed, on its face set up a good right of action under the Injuries Act with respect to the common-law liability of defendant.

**2.** DEATH—*when allegation of inapplicability of Workmen's Compensation Act not essential.* In an action for the death of plaintiff's intestate by his coming in contact with a superstructure maintained by defendant railroad over a street while he was riding on a wagon, where the declaration alleged no facts tending to show that deceased was under the Workmen's Compensation Act, defendant's contention that the declaration was faulty, in failing to allege that defendant was not under that act, is not tenable.

**3.** PLEADING—*when declaration of substituted plaintiff in action for death alleging applicability of Workmen's Compensation Act states new cause of action.* Where an action was brought against a railroad for the death of plaintiff's intestate due to striking a superstructure maintained by defendant over a street and the employer of deceased was, by leave of court, substituted as plaintiff on the ground that it and defendant and deceased were all under the Workmen's Compensation Act, and sought to recover from defendant the amount it became liable for on account of the death of its employee, the employer's declaration stated an entirely new cause of action.

**4.** WORKMEN'S COMPENSATION ACT—*distinction between right of action for death and employer's right under Workmen's Compensation Act against person causing injury.* The causes of action in favor of a plaintiff suing at law for the death of her intestate due to the negligence of defendant, and of the employer of deceased against defendant for the amount of its liability under the Workmen's Compensation Act, are not causes arising under section 29

182     Appellate Courts of Illinois.

Elab. Ready Roofing Co. v. C. & W. I. R. R. Co., 222 Ill. App. 181.

of that Act (Cahill's Ill. St. ch. 48, ¶ 229), as the former has nothing to do with the Compensation Act.

5. Workmen's Compensation Act—*when plea of statute of limitations to declaration by employer in action against third person subject to demurrer.* In action by employer against third person causing injury, plea of statute of limitations is subject to demurrer where it does not appear either by allegations in the declaration or the plea, when the amount due under the Workmen's Compensation Act was determined and fixed.

6. Workmen's Compensation Act—*limitation of employer's action against person causing .injury.* An action by an employer against a third person for causing the death of an employee, for which the employer became liable under the Workmen's Compensation Act, is governed by section 15, ch. 83 of the Statutes (Cahill's Ill. St. ch. 83, ¶ 16) and the period of limitations is 5 years.

7.  Appeal and error—*when objection to substitution of plaintiff not properly preserved.* The propriety of a ruling by the trial court substituting an employer as plaintiff, in an action for the death of an employee due to the negligence of a third person, is not preserved for review where no bill of exceptions is filed in the case.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded with directions. Opinion filed October 5, 1921.

Brown, Brown & Brown, for appellant.

C. G. Austin, Jr., J. Raymond Barse and Samuel Kassel, for appellee.

Mr. Justice Thomson delivered the opinion of the court.

On March 3, 1917, one Maria Kora, as administratrix of the estate of Stefan Kora, deceased, commenced a suit against the Chicago and Western Indiana Railroad Company. The declaration, which she filed later, alleged that on May 3, 1916, the defendant owned, operated and controlled a certain superstructure and

girders, extending over and across West 71st street in the City of Chicago; that this superstructure was placed at a distance above the roadway which was unsafe and dangerous and that its maintenance thus was negligent; that by reason thereof the superstructure was a nuisance; that plaintiff's intestate was riding along West 71st street upon a certain wagon and was exercising ordinary care for his own safety, and that, as a proximate result of the premises, he collided with the said superstructure and was killed. She made the usual allegations as to the next of kin who had survived her intestate and as to her appointment as administratrix of his estate. She concluded her declaration with the usual allegation as to damages in the sum of $10,000.

This declaration, on its face, set up a good right of action in the plaintiff under the Injuries Act with respect to the alleged common-law liability on the part of the defendant, by reason of the facts set forth.

To this declaration, the defendant filed a plea of the general issue and a special plea and later an amended special plea, the latter setting forth that, at the time of the injury complained of, the deceased was an employee of the Elaborated Ready Roofing Company (appellant) as a roofer's helper, whose duties were to assist in the laying and repairing of roofs on buildings; that at the time of receiving said injuries, he was engaged in the line of his duties and was riding on a wagon belonging to his employer en route from a roofing job he had just completed, to another roofing job; that both deceased and his employer, were, at the time, subject to the Workmen's Compensation Act, the business of the said employer being of an extrahazardous nature, as defined in section 3 of said Act (Cahill's Ill. St. ch. 48, ¶ 202); that the defendant, Chicago and Western Indiana Railroad Company, was also at the time of said accident subject to the Workmen's Com-

pensation Act; that the plaintiff had received from the employer of the deceased, for and on account of the death of the plaintiff's intestate, such sum as she was entitled to receive under said Workmen's Compensation Act; that under and by virtue of said act, the plaintiff was precluded from maintaining her action against the defendant. On its face, this plea set up a complete defense to the right of action claimed by the plaintiff in her declaration.

A demurrer filed to this plea by the plaintiff was overruled and she then filed her replication to the plea, setting forth that the superstructure with which the deceased came in contact was used by the defendant in interstate commerce; that as to this instrumentality which caused the death of plaintiff's intestate, the said defendant was not subject to the Workmen's Compensation Act, but was solely and exclusively subject to the Federal Employer's Liability Act governing interstate commerce. A general demurrer filed to this replication by the defendant was sustained.

Thereafter, on April 19, 1919, the appellant, Elaborated Ready Roofing Company, was, by leave of court, and over the objections of both the original plaintiff, Maria Kora, as administratrix, and the defendant railroad company, substituted as plaintiff and later filed an amended declaration to which a demurrer, filed by the defendant, was sustained. The appellant then filed a second amended declaration, which alleged that on May 3, 1916, Stefan Kora was in its employ; that on said date he received certain injuries, which were not proximately caused by the negligence of appellant or its employees but which were received in the course of his employment; that the defendant was bound by the Workmen's Compensation Act; that both the appellant and Kora were bound by the said act; that Maria Kora had been duly appointed administratrix of the estate of Stefan Kora and that she had made a claim

against appellant as the employer of the intestate and that said appellant became indebted to her in the sum of $3,500, by virtue of the Workmen's Compensation Act, as compensation for the death of the said Stefan Kora and that said sum had not been entirely paid; that on the said May 3, 1916, the defendant owned a certain superstructure extending over and across West 71st street in the City of Chicago; that said superstructure was used in both intrastate and interstate commerce; that said superstructure was at a negligent, unsafe and dangerous distance above the roadway; that, by reason thereof, the superstructure was a nuisance; that deceased was working as a roofer's helper for said appellant, was riding on one of its wagons and was proceeding, in the course of appellant's business, from one roofing job to another, along West 71st street and was exercising ordinary care for his own safety; that as a direct result of the premises, he came in contact with said superstructure and was killed; that, by reason of appellant's payment and its liability to pay compensation in accordance with the provisions of the Workmen's Compensation Act, the defendant had, in accordance with the provisions of said act, become liable to pay appellant the said compensation.

After the defendant had filed general and special demurrers to this second amended declaration, the court permitted the appellant to make certain amendments to it on its face and allowed the demurrers to stand to the second amended declaration as thus amended and the demurrers were then overruled and the defendant then filed a plea of the general issue and a special plea of the statute of limitations. To this special plea, the appellant demurred and the demurrer was overruled. The appellant elected to stand by its demurrer and the cause was then dismissed at appellant's costs.

From the order overruling its demurrer and dismissing its suit, the appellant has perfected this appeal.

It was urged by the defendant in the trial court and is contended by it here that the second amended declaration, as amended, to which the plea was filed, set up a new cause of action and one which was wholly different from that set up in the original declaration filed by Maria Kora.

The original declaration set up a cause of action based on the alleged common-law liability of the defendant and a right of action surviving in the plaintiff as administratrix of the estate of the deceased, necessarily based on our statute known as the Injuries Act (Cahill's Ill. St. ch. 70, ¶¶ 1-2). The second amended declaration, as amended, set up a cause of action limited to the statutory liability of the defendant as fixed by the Workmen's Compensation Act and a right of action in the substituted plaintiff (appellant) necessarily based also on the Workmen's Compensation Act. It is true that the acts of the defendant complained of, and alleged to have caused the death of the deceased and thus occasioned a liability on the part of the defendant, are the same in both declarations,— namely, the negligent maintenance of a certain superstructure. But, a "cause of action" involves more than the mere acts of the defendant, complained of. As was said in Lee v. Republic Iron & Steel Co., 241 Ill. 372, the cause of action in suits for damages arising from negligence is the act done or omitted to be done by the defendant "affecting the plaintiff" which causes a grievance for which the law gives the plaintiff a remedy. The same acts complained of may affect different plaintiffs by causing a grievance for which the law gives the different plaintiffs different remedies. Under some circumstances one possible plaintiff may have one remedy and under other circum-

stances another possible plaintiff may have another and very different remedy. Two such "causes of action" could in no sense be said to be the same merely because both are based on the same act, done or omitted to be done, by the defendant.

Under the circumstances alleged in the original declaration, the acts of the defendant complained of affected the plaintiff in that declaration, for which the Injuries Act gave her a remedy. The defendant's contention that the original declaration was fatally defective in failing to allege that it (the defendant) was not under the Workmen's Compensation Act, is not tenable. That declaration alleged no facts showing or tending to show that the deceased was under the Workmen's Compensation Act, and in that respect it is different from the declaration involved in *Davis v. St. Paul Coal Co.,* 286 Ill. 64, cited by the defendant. The Workmen's Compensation Act was utterly foreign to any and every allegation contained in the original declaration and had nothing to do with it. Also, there was nothing whatever alleged in that declaration which showed any right of action in this appellant. Under the circumstances alleged in the second amended declaration, as amended, the acts of the defendant complained of (although the same acts as were complained of in the original declaration) gave the original plaintiff no remedy in an action against the defendant but gave the substituted plaintiff a remedy by reason of the Workmen's Compensation Act. The remedy of which the plaintiff sought to avail itself in the last declaration was clearly entirely different from the one of which the original plaintiff sought to avail herself, in the first declaration. The declaration filed by the original plaintiff was not based on the Workmen's Compensation Act and alleged no facts showing or tending to show that the Workmen's Compensation Act had anything to do with the situation. As to the remedy sought to be enforced by the original plaintiff

in her declaration, the defendant had a complete defense if the facts were as set up in its special plea. As to the remedy sought to be enforced by the appellant, if the facts set up in the last declaration were true, the defendant was liable. If the facts set up in the first declaration were true, the situation was one with which the substituted plaintiff (appellant) had no relation whatever. Therefore the cause of action set up by the appellant in the last declaration was an entirely new cause of action.

In support of its appeal the appellant contends that substituting a party having the legal right to sue instead of one improperly named as plaintiff is in no sense commencing a new suit, and our attention is called by appellant to a number of decisions to that effect. That proposition is of course sound but it has no application to the situation presented here. The first declaration disclosed no right whatever in the appellant to sue the defendant. From all that is alleged in that declaration, the appellant did not exist and the deceased was employed by nobody at the time he received the injuries complained of. The fact that the allegations set up by the defendant in the special plea, filed by it to the first declaration, did disclose a situation which might have given the appellant a legal right to sue the defendant, cannot change the case, for the cause of action set up by the original plaintiff, in the declaration filed by her, was not thereby changed, but remained as she had alleged it.

The two causes of action set up in the respective declarations involved here are not causes of action arising under the two clauses in section 29 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 229), as the appellant seems to contend. The cause of action, set up by appellant in its declaration, does arise under that section but the cause of action set up by the original plaintiff, in her declaration, has

nothing whatever to do with the Workmen's Compensation Act.

But, in our view of this case, it does not turn on the question which we have thus far discussed, namely, whether the amended declaration sets up a new cause of action. Although, in our opinion, the amended declaration does set up a cause of action which is different from that set up in the original declaration, we are further of the opinion that it was not subject to the plea of the statute of limitations filed by the defendant. In that plea the defendant alleges that the cause of action set up by appellant in its amended declaration did not accrue "at any time within one year next before the commencement of this suit," the latter phrase referring presumably to the filing of appellant's amended declaration. From the language used by our Supreme Court in *Gones v. Fisher*, 286 Ill. 606, it is apparent that where the employee and his employer and the negligent third party are all under the act, the statute of limitations begins to run against the employer, as to his claim against the third party, "as soon as the amount of the compensation for the employee was determined and fixed." That date is not alleged in the amended declaration to which the plea of the statute of limitations was filed, nor is it alleged in the plea and for that reason the plea would be subject to the demurrer filed against it by the appellant. Furthermore, the defendant, in filing its plea, was relying on a period of limitations of one year, which would be the period applicable to such a cause of action as was set up by the original plaintiff in her declaration. But that is not the period of limitations which would be applicable as against this appellant in connection with the cause of action arising under the Workmen's Compensation Act, which is set up in the amended declaration to which the plea was filed. There is no specific period of limitation prescribed in that act for such right of action. It would therefore,

in our opinion, be governed by section 15 of ch. 83 of our Statutes (Cahill's Ill. St. ch. 83, ¶ 16) and the period of limitations would be 5 years. For both of the reasons we have referred to, the appellant's demurrer to the defendant's plea of the statute of limitations should have been sustained.

While the question is not argued by the parties directly, there is some reference in the briefs to the propriety of the ruling of the trial court in allowing appellant's motion to be substituted as the party plaintiff in this case, over the objections of both the original plaintiff and of the defendant. We are of the opinion that this question is not before us on this appeal. No bill of exceptions was filed in this case, and the question could not otherwise be preserved for review. Defendant's contention that the question is saved by its demurrer to appellant's amended declaration as amended, and the order of the trial court overruling that demurrer, is not tenable. The defendant did not elect to stand by its demurrer but proceeded to plead, after the court had overruled its demurrer. It therefore waived such questions as might be considered as raised by that demurrer.

For the reasons stated the judgment of the superior court is reversed and the cause is remanded to that court with instructions to sustain appellant's demurrer to defendant's plea of the statute of limitations.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and TAYLOR, J., concur.