(No. 13958.—Judgment affirmed.)
JOHN KINNAN, Defendant in Error, *vs.* THE CHARLES B.
HURST COMPANY, Plaintiff in Error.

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*employees were presumed not
bound, by the Compensation act of 1911.* Because of the proviso
in the Compensation act of 1911 that before his employees were
bound by the act the employer was to furnish to them or post in
the plant or workroom a legible statement of the provisions of the
act the employees were presumed not to be bound by the act.

2. PLEADING—*what the statute says shall be presumed need not
be alleged—negligence.* In an action by an employee for a per-
sonal injury occurring, while the Workmen's Compensation act of
1911 was in force, in an employment of such a character that the
employer was presumed to be bound by the act, the declaration need
not allege that the employee was not bound by the act, as the act
itself so presumes; and if the employer claims the employee was
under the act it is incumbent upon him to allege and prove that fact.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on writ of error to the Cir-
cuit Court of Cook county; the Hon. ANTON T. ZEMAN,
Judge, presiding.

JOHN EARLY, for plaintiff in error.

S. P. DOUTHART, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

John Kinnan recovered a judgment for $12,625 against
the Chas. B. Hurst Company, the Appellate Court affirmed
the judgment, and the record has been brought here for
review by *certiorari.*

The suit was begun in the municipal court of Chicago
on August 13, 1913, for personal injuries received on
September 4, 1912, by the plaintiff, who was a mason
employed by the defendant in the construction of a silo near

Polo, Illinois. The cause was transferred to the circuit court of Cook county and an amended declaration of two counts in trespass on the case was filed, the first of which alleged negligence of the employer in the erection, construction and maintenance of a scaffold upon which the plaintiff was required to go in the course of his work, by reason of the insufficiency of which it broke and the plaintiff fell and was injured. This count alleged the willful negligence of the defendant, contrary to the statute providing for the protection and safety of persons in and about the construction, repairing, alteration or removal of buildings, bridges, viaducts and other structures, approved June 3, 1907. (Laws of 1907, p. 312.) The other count alleged, generally, the negligence of the defendant in the construction of the scaffold.

The proceedings on the trial have not been preserved and no bill of exceptions appears in the record, which consists of the declaration, plea of the general issue, the order of the court overruling the defendant's motions for a new trial and in arrest of judgment, and entering judgment on the verdict. The question presented is as to the sufficiency of the declaration to sustain the judgment.

At the time of the accident to the plaintiff the Workmen's Compensation act of 1911 was in force. (Laws of 1911, p. 315.) This act provided that any employer covered by its provisions might elect to provide and pay compensation for injuries sustained by any employee arising out of and in the course of the employment according to the provisions of the act and thereby relieve himself from any liability for recovery of damages except as in the act provided, and that every employer within the provisions of the act failing to file notice in writing of his election to the contrary should be bound by the provisions of the act, and in the event of an employer's electing to provide and pay compensation as provided in the act, then every employee of such employer should be deemed to have accepted all the

provisions of the act as a part of his contract of hiring unless within thirty days after such hiring and after the taking effect of the act he should file notice to the contrary with the secretary of the State Bureau of Labor Statistics, provided that before any such employee should be bound by the provisions of the act his employer should either furnish to such employee personally at the time of his hiring, or post in a conspicuous place at the plant or in the room or place where such employee was to be employed, a legible statement of the compensation provisions of the act. The act by its terms applied to employers in the business in which the defendant was engaged, and provided that no common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation provided in the act, should be available to any employee who had accepted the provisions of the act, provided that when the injury to the employee was caused by the intentional omission of the employer to comply with statutory safety regulations, nothing in the act should affect the civil liability of the employer.

In *Beveridge* v. *Illinois Fuel Co.* 283 Ill. 31, it was held that in an action on the case for personal injuries against an employer engaged in a business subject to the provisions of the Workmen's Compensation act it was necessary to allege in the declaration facts showing that the defendant was not subject to the provisions of the act, and this allegation must be proved by the plaintiff. This rule was declared also in *Barnes* v. *Illinois Fuel Co.* 283 Ill. 173, *Davis* v. *St. Paul Coal Co.* 286 id. 64, *Reynolds* v. *Chicago City Railway Co.* 287 id. 124, and *Bishop* v. *Chicago Railways Co.* 290 id. 194. The cases in which these decisions were made all arose under the act of 1913, in which the proviso in the act of 1911 concerning the furnishing to the employee at the time of hiring, or posting in a conspicuous place at the plant, a legible statement of the compensation provisions of

the act is omitted, and it is therefore insisted that the decisions are not applicable to the act of 1911. The cases of *Zukas* v. *Appleton Manf. Co.* 279 Ill. 171, and *Curran* v. *Wells Bros. Co.* 281 id. 615, are relied on as holding that a declaration charging negligence and making no reference to the Workmen's Compensation act stated a cause of action; that the defendant by failing to plead or attempting to prove under the general issue that it was operating under the Workmen's Compensation act waived that defense, and that the defendant was bound to allege and prove the posting of the notices of the compensation provisions of the act. These cases do not decide any question of pleading. In the first it was decided that the defendant by its course of action on the trial had waived the right to insist upon the defect in the declaration in not pleading the election of the defendant not to be bound by the Workmen's Compensation act or the want of proof on that question. In the other, the issue was made by plea and replication as to the defendant's having furnished to the employee or posted the notices required by the proviso, and the evidence on that question was properly heard on the issue thus made.

Before the passage of any Workmen's Compensation act the liability of a master for injuries received by his servant through the neglect of the master was recognized. The Workmen's Compensation act changed the law in this respect so that the negligence of the master ceased to be a factor in his liability in cases coming within the provisions of the act and liability was imposed upon him for injuries received by any employee arising out of and in the course of his employment, without regard to any fault on the part of the master. Since an employer in the business in which the plaintiff in error was engaged was presumed to have elected to provide and pay compensation according to the provisions of the act, it became necessary, as was held in the cases cited, for an employee of such an employer, in order to maintain an action for negligence at common law

against his employer, to allege and prove that the employer
was not bound by the provisions of the act. The presump-
tion in the case of the employee was the reverse of that
in the case of the employer, for while the statute enacted
that every employee of any employer who had elected to
provide and pay compensation provided in the act should,
as a part of his contract of hiring, be deemed to have ac-
cepted all the provisions of the act and to be bound thereby
unless he gave notice to the contrary, still, in the very clause
which created this presumption was a proviso, a part of
the enactment itself, that "before any such employee shall
be bound by the provisions of this act, his employer shall
either furnish to such employee personally at the time of
his hiring, or post in a conspicuous place at the plant or in
the room or place where such employee is to be employed,
a legible statement of the compensation provisions of this
act." Section 3 provided that no common law or statutory
right to recover damages for injury or death sustained by
any employee, other than the compensation provided, should
be available to any employee who had accepted the provi-
sions of the act. Whether or not the employer had elected
to provide and pay compensation in accordance with the
provisions of the act, the employee was not barred by its
provisions from his common law action for neglect unless
he also was bound by the provisions of the act. It was
therefore unnecessary to the statement of a cause of action
that the declaration should allege that the employee was
not bound by the act, for the presumption was that he was
not so bound. The relation of master and servant and
their respective obligations continue the same as before the
passage of the Workmen's Compensation act except as they
are changed by the act, and when it is claimed that the
obligation of either is changed by the act the facts must be
averred which show the changed relation. The act estab-
lished certain presumptions, and these must be given effect.
What the statute says shall be presumed it is unnecessary to

allege. The contrary averment must be made if the fact
is to be put in issue. (*Beveridge* v. *Illinois Fuel Co. supra.*)
If the cause of action depends upon either the master or
the servant, or both, being bound by the provisions of the
Workmen's Compensation act, the facts must be alleged
showing that they are so bound, or the one is bound whose
being bound is essential to the cause of action. In this case
the presumption is that the employer was bound by the act,
for the statute so declares. The presumption is that the
employee was not bound, for the express provision of the
enacting clause of the statute was, that before personal no-
tice was given to the employee or notice posted in his place
of employment of a statement of the compensation provi-
sions of the act no employee should be bound by such pro-
visions. There was no presumption of such personal notice
or posting and no presumption that the employee had ac-
cepted the provisions of the act, and therefore it was not
necessary to allege that he had not done so. It was only
employees who had accepted the provisions of the act to
whom the common law right to recover damages was not
available. The facts averred in the declaration and the pre-
sumptions created by the statute established that the plain-
tiff in error was covered by the terms of the act but that
its provisions had not been accepted by the defendant in
error. If the plaintiff in error desired to make the defense
that the defendant in error was subject to the provisions of
the act, and therefore the common law cause of action was
not available to him, it was incumbent on it to allege and
prove this fact.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*