CHICAGO—FIRST DISTRICT—FEBRUARY, 1924. 309

The Tribune Co. v. Emery Motor Livery Co., 232 Ill. App. 309.

# The Tribune Company, Appellee, v. Emery Motor Livery Company, Appellant.

## Gen. No. 28,217.

1. WORKMEN'S COMPENSATION—*allegation that injured employee under act not essential in employer's declaration against third person.* A declaration by the employer of one who was injured by the negligence of a third person for damages from such third person under the Workmen's Compensation Act of 1913, is not defective for want of a specific allegation that the employee was under the act at the time of the injury, where it is alleged that both plaintiff and defendant were under the act.

2. WORKMEN'S COMPENSATION—*recovery against person causing injury to employee where amount of compensation fixed by agreement.* Even though the amount of the compensation payable to the employee is not fixed by the award but by some agreement between him and the employer, where a third party is liable for causing the injury to be compensated, the employer may recover from such third party the amount so agreed upon.

3. WORKMEN'S COMPENSATION—*recovery by employer of amounts actually paid by him as compensation to injured workman from third party who caused the injury.* If the employer paid the injured workman any sum a week as compensation, and it was received as compensation by such employee, then the employer is entitled, although no award has been made by the Industrial Board to recover from the third party whose negligence caused the injury the extra amounts so paid, provided the amount is not in excess of the maximum provided for by the act, under the circumstances, as an award by the Commission.

4. WORKMEN'S COMPENSATION—*determination of amount of compensation as prerequisite to suit by employer against third party who caused the injury.* Until the amount to be paid as compensation under the Workmen's Compensation Act has been determined either by an award of the Commission or by an agreement between the employer and the injured workman, the limit of the amount the workman is authorized to recover cannot be determined; and until this is done the employer is not in a position to sue the third party who caused the injury.

5. WORKMEN'S COMPENSATION—*tender and acceptance of compensation, as implied agreement on amount payable.* If an employer actually pays an injured employee compensation for an injury under the Workmen's Compensation Act, and the amount is within that fixed and payable by the terms of the Act, the parties have, by their conduct impliedly agreed on the amount to be paid, at least to the extent of the payments actually made, and the employer is then entitled to sue a third party through whose fault the injury

occurred to recover aggregate amount of the payments so made, up to time suit is brought.

Appeal by defendant from the Superior Court of Cook county; the Hon. Oscar Hebel, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed February 27, 1924.

Green, Beverly & Rice, for appellant; Charles E. Green, of counsel.

George A. Schneider, for appellee.

Mr. Presiding Justice Taylor delivered the opinion of the court.

About 4:00 A. M., January 3, 1919, one Herbeck, an employee of the plaintiff, The Tribune Company, while standing on the rear step of a horse vehicle and driving south on State street, Chicago, for the purpose of delivering copies of the Tribune, was run into by a taxicab belonging to the defendant, Emery Motor Livery Company, and seriously injured.

On the ground that plaintiff, and defendant and Herbeck were subject to the Workmen's Compensation Act [Cahill's Ill. St., ch. 48, ¶ 201-236], and the injury was caused solely by the negligence of the defendant; and as the act provides that in such a case the employer may sue the third person and recover the damages sustained, not exceeding the aggregate amount of compensation payable under the act, the plaintiff, The Tribune Company, on July 28, 1919, brought suit against the defendant, Emery Motor Livery Company, for $10,000. There was a jury trial; and, at the close of the plaintiff's evidence, a motion for the defendant that the jury be instructed to return a verdict of not guilty, being overruled, the defendant elected to stand upon its motion, and refused to put in any evidence. Certain instructions were then given by the trial judge, after which there was a verdict and judgment for the plaintiff in the sum of $4,595. This appeal is therefrom.

(1)   As it was not expressly set forth in words in the declaration that Herbeck was under the Workmen's Compensation Act, although it is therein stated specifically that both the plaintiff and the defendant were under the act, it is contended that the declaration is defective.   Counsel for the defendant, in urging the insufficiency of the declaration, cite *Kinnan v. The Charles B. Hurst Company*, 301 Ill. 597.   In that case, which was one of tort, the injury occurred on September 4, 1912, when the Workmen's Compensation Act of 1911 was in force; and as that statute required as a requisite to bringing the employee under the act that the employer should give or publish a certain notice, the court held that it was not necessary for the employee to allege in his declaration that he was not under the act; and said, "There was no presumption of such personal notice or posting and no presumption that the employee had accepted the provisions of the act, and therefore it was not necessary to allege that he had not done so."   The court further said, "The facts averred in the declaration and the presumptions created by the statute establish that the plaintiff in error (the defendant) was governed by the terms of the act but that its provisions had not been accepted by the defendant in error.   If the plaintiff in error desired to make the defense that the defendant in error was subject to the provisions of the act, and therefore the common law cause of action was not available to him, it was incumbent on it to allege and prove this fact."   However, in the Workmen's Compensation Act as amended in 1913, as pointed out in the *Kinnan* case, *supra,* the provision of the act of 1911 as to notice was omitted, and it follows, therefore, that while under the provisions of the act of 1911 the presumption was that an employee was not under the act even if his employer was operating under it unless it was shown that the employer had given his employee the required notice, the presumption, under the provisions of the act of 1913, if the employer is operating under

the act, is that the employee is bound by the terms of the act. The *Kinnan* case, *supra,* is, therefore, an authority to the effect that in order to state a good cause of action based on the Workmen's Compensation Act of 1913, where it appears that the employer was operating under the act, it is not necessary to allege that the employee was bound by the act and it is not necessary for the plaintiff to make proof to that effect in order to establish a cause of action.

(2) It is further contended on behalf of the defendant, that as there was no proof that Herbeck, the employee, ever filed any claim with the Industrial Commission, and no proof that there was ever any agreement between him and his employer, the plaintiff, as to the amount of compensation payable to him, the judgment should be reversed.

In support of that contention, two recent decisions of the Supreme Court are relied upon: *Bauer v. Rusetos & Co.,* 306 Ill. 602, and *Schlitz Brewing Co. v. Chicago Railways Co.,* 307 Ill. 322. An examination of the *Schlitz Brewing Co.* case, *supra,* leads us to the conclusion that if the compensation is not fixed by an award, but is determined by some agreement between the parties, there may be a recovery of the amount agreed upon. In the latter case the court said: ''It is true, the parties may agree to the compensation and the amount of it, and perhaps oftener than otherwise such an agreement is made, but the statute provides for determining and enforcing a right to compensation when the parties cannot agree.'' The evidence in the instant case shows that the employee at the time he was injured was getting a salary of $33 a week, and there is evidence that after he was injured he received $12 a week extra from his employer, the plaintiff. For just what time that extra amount was paid, is not definitely shown, so that it is impossible for us, on the face of the record, to compute it. In our judgment, if the plaintiff paid the employee, Herbeck, $12, or any other sum of money, a week as compensation for his

The Tribune Co. v. Emery Motor Livery Co., 232 Ill. App. 309.

injury, and it was received by the employee as compensation paid him for his injury, then the employer is entitled, although no award has been made under the Workmen's Compensation Act by the Industrial Board to recover from the defendant the extra amounts so paid, provided it is not in excess of the maximum amount which is provided for by the act, under the circumstances, as an award by the Commission.

Nowhere in the record does it appear that the amount to be paid the employee by the plaintiff has been fixed or determined either by an award or by an agreement of the parties; and, under the reasoning in the *Schlitz* case, *supra*, until that is done, the amount payable to the employee by the third party could not be known, and therefore "the limit of the amount the employee is authorized to recover" could not be determined; and, so, as a further consequence, until the amount to be paid the employee is so fixed either by an award or by an agreement, the employer is not in a position to sue the third party and recover such an amount. However, if the employer actually pays the employee weekly compensation under the act, and the amount paid is within the amount fixed and payable under and by the terms of the act, it is only reasonable to conclude that the parties have by their conduct impliedly agreed to fix the amount to be paid, at least to the extent of the payments actually made, and as a result, the employer would then be entitled to sue the third party and recover the aggregate amount of the payments so made, up to the time suit was brought. As the record does not show that there was even an award or an express agreement made, but does show that payments were actually made by the plaintiff to its employee, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

O'CONNOR, J. and THOMSON, J. concur.