(No. 4350–

EMPLOYERS MUTUAL CASUALTY COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 10, 1951.*

ENSEL, MARTIN, JONES AND BLANCHARD, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Section 29 of the Compensation Act, upon which this claim is brought, provides a remedy whereby the employer, or, as in this case, the Insurer, may sue a third party for damages caused by circumstances creating a legal liability against the third party for injuries to an employee, where the injuries were not proximately caused by the negligence of the employer or his employees, and where such person, as here, was under the Compensation Act.

It is urged by respondent in its motion to dismiss that compensation was not fixed or determined.

Respondent's motion necessarily implies, although not alleged, that compensation should have been fixed

by an award of the Industrial Commission, or by a settlement between the parties approved by the Commission.

Section 23 of the Act, Sec. 160, Chapter 48, Illinois Revised Statutes, provides that no employer can waive any provisions of the Act in regard to the amount of compensation to be paid except after approval of the Commission. In construing this section, settlement contracts waiving such provisions have been held void as amounting to a lump sum settlement where not approved by the Commission, *International Coal Co.* v. *Industrial Commission*, 293, Ill. 524.

The complaint does not allege any settlement contract within the purview of the act so as to show that the employee did not waive any of his rights to have the same reviewed by the Industrial Commission; and that there was an admission by the employer, or a determination by the Industrial Commission that the disability for which the employee claims compensation arose out of an accident under the Act. For this reason we hold the complaint insufficient.

The Court has considered the case of *The Tribune Co.* v. *Emery Motor Livery Co.*, 232 Ill. App. 309, which case was reserved by the Appellate Court, and remanded for a new trial to the Trial Court, and a motion to dismiss was sustained on the second trial, but reversed by the Appellate Court, and remanded with directions to assess damages at the sum -of compensation payments made prior to the institution of the suit. Case was again appealed and affirmed, and was taken on certiorari to the Supreme Court, and appears in 338 Ill. 537. The Tribune Case, 232 Ill. App. 309, was predicated upon the theory that there would have to be an agreement between the employer and employee, or an award, in order that the limit of the amount to be recovered could be

determined. The case was reversed for this determination.

All of the cases provide that the limit of recovery under Section 29 shall not exceed the aggregate compensation payable under the Act.

*Bower* v. *Ruseto & Co.*, 306 Ill. 602, on page 608, held:

"Under the decisions of this Court, the employer may immediately, when the compensation is *fixed*, bring his suit under Section 29 to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act by reason of the injury to the employee."

In Angerstein "The Employer and the Workmen's Compensation Act of Illinois, Section 631 of the 1930 revision, speaking of section 29, said:

"It is not entirely clear as to what constitutes the *fixing* of a compensation liability. However, an award would be sufficient, and in all probability a settlement or lump sum settlement approved by the Commission would be sufficient."

The complaint fails to show the requisite agreement, and the very essential fact that the fixed compensation was not in excess of the amount allowed for the injuries sustained.

For these reasons assigned, the motion to dismiss is allowed.